## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

JEAN JULES,

      Petitioner,

vs.                                                    Case No. 4:18cv568-WS/CAS

UNITED STATES ATTORNEY
GENERAL WILLIAM P. BARR,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, initiated this case in the United States District Court for the Southern District of Florida by submitting a petition for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  The case was transferred to this Court on December 11, 2018, ECF Nos. 6-8, and Petitioner was required to file a response clarifying several issues pertaining to his habeas petition.  ECF No. 10.  Petitioner's response did little to clarify the Court's concerns, ECF No. 13, so it was determined that the best course of action was to serve the petition and require Respondent to file a response.  *See* ECF No. 15.

**The Petition, ECF No. 1**

Petitioner was incarcerated at Taylor Correctional Institution at the time of case initiation, ECF No. 1, and remains there at this time.  Petitioner alleged that he was coerced into entering a nolo contendere plea to several state burglary charges in August 1989.  *Id.* at 2.  He was sentenced to 40 years in prison as a "habitual felony offender."  *Id.*

While incarcerated, Petitioner alleged that removal proceedings were instituted against him and a removal decision was made, but not disclosed to him.  ECF No. 1 at 2-4.  He contends that the removal proceedings violated his right to due process.  *Id.* at 4.  Additionally, Petitioner alleged that he was never advised of the possible immigration consequences as a result of his sentence in 1989.  *Id.* at 3.  Finally, Petitioner argued that he should have derivative citizenship as a "qualified orphan."  *Id.* at 6.  As relief, Petitioner seeks to be deemed to have derivative U.S. citizenship, and he appears to challenge the removal proceedings and detainer placed against him.  *Id.* at 8.

The petition, ECF No. 1, nor Petitioner's response, ECF No. 13, were not clear in clarifying whether a final order of removal had been entered against Petitioner.  Petitioner suggested that a removal order had been

entered against him, ECF No. 13 at 3, but he has apparently not received a copy of such an order and does not know when a removal order was issued.  Petitioner does, however, state that at least two detainers have been placed against him and ICE will take custody of him upon his release from prison.  *Id.* at 2, 3.

**Motion to Dismiss, ECF No. 22**

Respondent has filed a motion to dismiss the petition for lack of jurisdiction.  ECF No. 22.  Respondent has demonstrated that Petitioner entered the United States in St. Croix, U.S. Virgin Islands, on August 25, 1977, and became a lawful permanent resident on June 26, 1979.  *Id.* at 1-2 (*see also* ECF No. 22-1 at 1).  Petitioner has several criminal convictions from Miami-Dade County, Florida: (1) a 1985 conviction for robbery; (2) a 1987 conviction for burglary of a dwelling and grand theft, second degree; (3) a 1988 conviction for burglary of a dwelling and grand theft, third degree; and (4) a 1989 conviction for burglary of a dwelling with a firearm and grand theft, third degree.  *Id.* at 2 (*see also* ECF No. 22-1 at 6). Petitioner was sentenced to a 40 year term of imprisonment in the Florida Department of Corrections in August 1989.  ECF No. 22 at 2.

Five years later, the Immigration and Naturalization Service (INS) initiated removal proceedings against Petitioner fore three reasons: (1) convictions for two crimes involving moral turpitude [former INA § 241(a)(2)(A)(ii)]; (2) a conviction involving the possession or use of a weapon [under former INA § 241(a)(2)(C)]; and his conviction for an aggravated felony defined as "a crime of violence" [under former INA § 241(a)(2)(A)(iii)].  ECF No. 22 at 2-3.  Petitioner was ordered to appear for a hearing before an Immigration Judge.  ECF No. 22-1 at 3.  At some point thereafter, it appears that Petitioner was ordered removed to either Panama or St. Lucia.  ECF No. 22-2 at 1.  Respondent submitted a "memorandum of oral decision" which is signed by an Immigration Judge, but which is not dated.  *Id.*; *see also* ECF No. 22 at 3.

Because the petition seeks to challenge the immigration proceedings and, in particular, requested that the deportation decision be vacated, *see* ECF No. 1 at 1, Respondent argues that this Court lacks jurisdiction over the petition.  ECF No. 22 at 4.

Petitioner argues in response that he "is not seeking review of any Order of Removal, as there has been no such final Order of Removal dated by" an Immigration Judge.  ECF No. 25 at 6.  He further asserts that his

due process rights were violated and he was denied the ability to challenge the decision of the Immigration Judge because he was not given a copy of the removal decision.  *Id.* at 23.

**Analysis**

Although Petitioner argued in his response that no removal order had been entered, he previously said that it could not "be argued by the Respondent that" a final order of removal had not been entered.  ECF No. 13 at 3.  Furthermore, the relief Petitioner requested on the first page of his petition was to "vacate the deportation decision rendered by" the Immigration Judge.  ECF No. 1 at 1.  The petition filed in this case is deemed to be challenging a removal order.

The REAL ID Act of 2005, however, Pub.L. No. 109-13, 119 Stat. 231 (2005), strips district courts of habeas corpus jurisdiction over orders of removal.  Themeus v. U.S. Dep't of Justice, 643 F. App'x 830, 832 (11th Cir. 2016) (stating that after "enactment of the REAL ID Act of 2005, district courts lack habeas jurisdiction to entertain challenges to final orders of removal.").  Section 106(a)(1) of the Act requires that the courts of appeal shall be the sole and exclusive means for judicial review of an order of removal.  the relevant statute provides that "a petition for review filed with

an appropriate court of appeals in accordance with this section shall be the

sole and exclusive means for judicial review of an order of removal entered

or issued under any provision of this chapter."  8 U.S.C.A. § 1252(a)(5).

Furthermore, to the degree Petitioner also seek to challenge whether

or not his convictions qualify as a basis for removal, *see* ECF No. 1 at 5,

the court of appeals has jurisdiction to consider that legal question as well.

Guo Xing Song v. U.S. Atty. Gen., 516 F. App'x 894, 896 (11th Cir. 2013)

(noting that the Eleventh Circuit retained jurisdiction "over 'constitutional

claims or questions of law raised upon a petition for review'"); 8 U.S.C. §

1252(a)(2)(D);[1] *see also* Cano v. U.S. Atty. Gen., 709 F.3d 1052, 1053

(11th Cir. 2013) (quoting 8 U.S.C. § 1252(a)(2)(D) and stating "We have

jurisdiction to review the 'constitutional claims or questions of law raised

upon petition for review,' including the legal questions of whether [an

alien's conviction] qualifies as a 'crime involving moral turpitude.' ").  This

Court lacks jurisdiction to entertain this § 2241 petition.  If Petitioner is

entitled to review, he must pursue relief in the Eleventh Circuit Court of

---

[1] The statute provides: "Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."  8 U.S.C.A. § 1252(a)(2)(D).

Case No. 4:18cv568-WS/CAS

Appeals after exhausting all administrative remedies.[2]  8 U.S.C.

§ 1252(d)(1).

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that the motion to dismiss, ECF

No. 22, be **GRANTED**, and the habeas petition filed pursuant to § 2241,

ECF No. 1, be **DISMISSED** for lack of jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on August 30, 2019.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

_____

[2] As pointed out by Respondent, it does not appear that Petitioner has exhausted administrative remedies.  ECF No. 22.  He may, however, file a motion requesting that his immigration proceedings be reopened.

Case No. 4:18cv568-WS/CAS

## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**